UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOYLE DAYQUAN MIMS,<br>Petitioner,<br><br>v.<br><br>SARAH SCHROEDER,<br>Respondent. | Case No. 26-11425<br>Honorable Shalina D. Kumar |

**OPINION AND ORDER DISMISSING THE HABEAS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

## I. INTRODUCTION

Michigan prisoner Doyle Dayquan Mims ("Petitioner"), currently confined at the Marquette Branch Prison in Marquette, Michigan, filed a pro se petition for a writ of habeas corpus challenging his second-degree murder conviction, which was imposed following a plea in the Wayne County Circuit Court. He was sentenced to 19 to 40 years in prison in 2015. In his pleadings, he raises claims concerning the validity of the felony warrant and complaint, the state courts' jurisdiction, the return of the warrant and his speedy trial rights, the conduct of the prosecutor and judges, the validity/voluntariness of his plea, the suppression of evidence, and the effectiveness of trial and appellate counsel.

On preliminary screening, the Court ordered Petitioner to show cause why this case should not be dismissed for failure to comply with the one-

year statute of limitations applicable to federal habeas actions. Petitioner filed a response to the Court's order contending that he should be allowed to proceed because he was placed in administrative segregation for a period of time and did not have access to a law library or legal assistance.

## II. PROCEDURAL HISTORY

Following his conviction and sentencing, Petitioner pursued a direct appeal in the Michigan courts. He filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit. *People v. Mims*, No. 331421 (Mich. Ct. App. Mar. 25, 2016). He then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Mims*, No. 153613 (Mich. S. Ct. Sep. 6, 2016).

On February 23, 2017, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on September 21, 2017. *See People v. Mims*, No. 14-007812-01-FC (Wayne Co. Cir. Ct.).

In September 2022, Petitioner filed a motion to withdraw his plea with the state trial court, and then filed several additional motions, including two motions for relief from judgment in July 2023 and August 2024, which were denied in January 2024 and August 2025, respectively. *Id*. There is no indication in the record or online that Petitioner sought leave to appeal those denials in the Michigan appellate courts.

Petitioner dated his federal habeas petition on April 20, 2026.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AAEDPA@), codified at 28 U.S.C. ' 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. ' 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

The preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. A[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

The Michigan Supreme Court denied leave to appeal on direct appeal on September 6, 2016. Petitioner's conviction became final 90 days later when the time for seeking a writ of certiorari with the United States Supreme Court expired on or about December 5, 2016. *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when the time for filing a certiorari petition expires); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). Accordingly, Petitioner was required to file his federal habeas petition by December 5, 2017, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed a motion for relief from judgment with the state trial court on February 23, 2017. At that point, 80 days of the one-year period

had expired. The one-year period was then tolled while the motion was pending before the trial court until it was denied on September 21, 2017. The one-year period also remained tolled during the time in which Petitioner could have, but apparently did not, file an application for leave to appeal with the Michigan Court of Appeals. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Under M.C.R. 7.205(G), Petitioner had six months to seek leave to appeal the trial court's denial of his motion for relief from judgment, *see Stennis v. Place*, 2018 WL 3390444, *2 (E.D. Mich. July 12, 2018), until March 21, 2018. The one-year period resumed running the next day and expired 285 days later—on or about December 31, 2018.

Petitioner's additional post-judgment/collateral review motions, which were filed in the state trial court in 2022, 2023, and 2024 (with the last being denied on August 22, 2025), did not further toll the one-year period. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date his federal habeas petition until April 20, 2026

– long after the one-year limitations period had expired. His habeas petition is therefore untimely and subject to dismissal.

Petitioner does not allege that his habeas claims are based upon newly discovered evidence or newly enacted, retroactively applicable law. Rather, he asserts that the State created an impediment to the filing of his habeas case by placing him in segregation (due to his possession of a weapon based upon his fear of assault by a co-defendant, and additional altercations) and not providing him access to a law library or legal assistance. He asserts that such an impediment existed from March 19, 2018 until 2021.

Section 2244(d)(1)(B) largely does not apply to such circumstances. The cases applying § 2244(d)(1)(B) "have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." *Shannon v. Newland*, 410 F.3d 1083, 1087-1088 (9th Cir. 2005). Typical conditions of prison life, such as placement in segregation, do not constitute an unconstitutional state-created impediment. *See, e.g., Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment); *United States v. Stone*, 68 F. App'x 563 (6th Cir. 2003) (transfer from federal prison to state jail for court appearance resulting in lack of access to personal property and legal

materials was not unconstitutional and did not constitute an impediment nor warrant tolling); *King v. Deangelo-Kipp*, 2018 WL 2194000, *2 (E.D. Mich. May 14, 2018) (placement in administrative segregation is a typical condition of prison life and does not constitute an unconstitutional state-created impediment); *see also Galloway v. Horton*, 2019 WL 1953305, at *2 (6th Cir. Jan. 25, 2019) (rejecting a prisoner's claim that a lack of legal resources constituted a state-created impediment and recognizing that a prisoner's "general statements regarding his inability to conduct legal research, without more, are insufficient to demonstrate that he was in a different position than most inmates who lack formal legal training").

The Court notes that the documents attached to Petitioner's reply indicate that his placement in segregation was due to his possession of a weapon, his fight with another prisoner, and/or his assault upon another prisoner. Thus, Petitioner's own conduct resulted in his placement in segregation, not improper state action. Moreover, while those documents reflect that he was in segregation for various periods of time from 2017 to 2019, they do not indicate that he was in segregation the whole time or that he was unable to access the law library or legal assistance during the entire period from March, 2018 to 2021 as he claims.

A petitioner must also demonstrate that the claimed impediment actually prevented him from filing a timely petition of a known claim. *See*

*Wood v. Spencer*, 487 F.3d 1, 7-8 (1st Cir. 2007). Petitioner does not do so. He fails to allege with any specificity exactly when and how prison officials intentionally denied him access to the law library or legal assistance during the relevant time period, and/or fails to explain why such access was necessary for him to file his federal habeas petition. To be sure, he could have filed a “bare bones” habeas petition in a timely fashion and then supplemented or amended his pleadings as necessary. *See, e.g., Stennis v. Place*, 2018 WL 3390444, *4 (E.D. Mich. July 12, 2018).

Additionally, and significantly, Petitioner’s claim that a state-created impediment prevented him from timely seeking habeas relief is belied by the fact that he filed at least three pro se civil rights actions during the relevant period from March, 2018 to 2021 (when he claims that he had no access to the law library or legal assistance and could not file his petition). *See Mims v. Stephens, et al.*, No. 19-cv-00098 (W.D. Mich. filed May 15, 2019); *Mims v. Huss, et al.*, No. 19-cv-00106 (W.D. Mich. filed May 30, 2019); *Mims v. Huss, et al.*, No. 20-cv-00023 (W.D. Mich. filed Feb. 26, 2020). His claim is further belied by the fact that he filed multiple civil rights actions in 2022 which made no mention of his alleged inability to access the courts. *See Mims v. Erickson, et al.,* No. 22-cv-00128 (W.D. Mich. filed Feb. 11, 2022); *Mims v. Davids, et al.,* No. 22-cv-00232 (W.D. Mich. filed March 11, 2022); *Mims v. Simon, et al.*, No. 22-cv-00323 (W.D. Mich. filed

April 4, 2022); *Mims v. Flegel, et al.,* No. 22-cv-00432 (W.D. Mich. filed May 13, 2022). Petitioner fails to establish that the state created an impediment that prevented him from timely filing his habeas petition. Consequently, the one-year period is not statutorily tolled under 28 U.S.C. § 2244(d)(1), and the habeas petition is untimely.

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-784 (6th Cir. 2010). A petitioner has the burden of demonstrating entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The doctrine of equitable tolling is applied "sparingly." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir.

2017); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Petitioner fails to establish that the one-year period should be equitably tolled under *Holland*. His placement in segregation with restricted access to a law library or legal assistance for a period of time, like other typical conditions of prison life, does not constitute an exceptional circumstance which justifies tolling of the one-year period. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (rejecting petitioner's argument that he was entitled to equitable tolling due to lack of access to transcripts, as well as his pro se status and limited law library access); *McMurray v. Smith*, 2015 WL 6618823, *5-6 (W.D. Mich. Oct. 30, 2015) (adopting magistrate judge's opinion, citing cases, and ruling that petitioner placed in administrative segregation without access to legal materials or assistance was not entitled to equitable tolling); *United States v. Cherry*, 2010 WL 3958679, *2 (E.D. Mich. Oct. 8, 2010) (citing cases holding that lack of access to personal legal materials during prison lockdowns, transfers, and administrative segregation are not extraordinary circumstances that warrant tolling); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002) (denial of access to legal materials is not an exceptional circumstance to warrant equitable tolling).

General allegations regarding access to a law library or legal

materials do not establish exceptional circumstances warranting equitable tolling, especially where a petitioner does not explain or present evidence to show why his circumstances prevented him from timely filing a habeas petition and how he attempted to diligently pursue his claims. *See Andrews v. United States*, 2017 WL 6376401, *2 (6th Cir. 2017) (denying a certificate of appealability on statute of limitations dismissal where petitioner failed to timely file a § 2255 motion because although he was in segregation for eight months without his legal property, he did not explain how he diligently pursued his rights during those months, when his legal materials were returned to him, or how it delayed his filing); *United States v. West*, 2022 WL 44670, *3-4 (N.D. Ohio Jan. 5, 2022) (citing cases and ruling that petitioner was not entitled to equitable tolling where he only made general allegation about pandemic-related lockdown and lack of law library access and failed to show that he acted diligently during the one-year period); *Shoening v. Christianson*, 2021 WL 4290242, *3-4 (E.D. Mich. Sept. 21, 2021) (same); *Mahan v. Steward*, 2021 WL 776989, *1-2 (W.D. Mich. March 1, 2021) (rejecting equitable tolling where petitioner failed to show how restricted library access prevented him from timely filing his habeas petition); *Stennis*, 2018 WL 3390444 at *4 (rejecting equitable tolling where petitioner failed to specify how he attempted to timely seek habeas relief during the relevant time period (with or without access to his

legal materials), when he obtained access to materials, and/or how the lack of access to materials precluded timely filing); *accord Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (equitable tolling not warranted where petitioner alleged that he was denied access to the law library and legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts" to timely file his case).

Moreover, the fact that Petitioner may have a limited education, is untrained in the law, is (or was) proceeding without a lawyer, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failing to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling). Petitioner is not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year limitations period. *McQuiggin v.*

*Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-590 (6th Cir. 2005). To support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him [or her]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-539 (2006). A valid claim of actual innocence requires a petitioner to support the allegations of constitutional error with "new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. His assertions that his habeas claims have merit do not establish actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). And any self-serving, conclusory assertions of innocence, without evidentiary support, are insufficient to support an actual innocence claim. A "reasonable juror [or factfinder] surely could discount [a petitioner's] own testimony in support of

his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner fails to establish that he is entitled to equitable tolling of the one-year period on such a basis. His habeas petition is untimely and must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner did not file his habeas petition within the one-year statute of limitations applicable to federal habeas actions, and he is not entitled to statutory or equitable tolling of the one-year period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the habeas petition as untimely under 28 U.S.C. ' 2244(d).

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and reasonable jurists

would debate whether the court's procedural ruling was correct. *Id*. Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 18, 2026